*Philo D. Mickles* v. *George Brayton.* H. SHELDON, for appellant; G. LAWRENCE, for respondent. This was an appeal by the complainant from an order of the vice chancellor of the seventh circuit. The complainant recovered a judgment against the defendant, and after the return of an execution unsatisfied, he filed a creditors bill against the defendant in this court. On the ninth of July, 1842, the defendant obtained a final discharge from all his debts under the bankrupt act; and subsequent to such discharge he obtained a decree in this cause, dismissing the complainant's bill with costs.

THE CHANCELLOR. As the complainant's bill was dismissed with costs in this case, I must presume it was filed against the defendant without any just cause. The only question, therefore, is whether the complainant had any right to set off his judgment, from which the defendant had been duly discharged under the bankrupt act, against the bill of costs in this suit, which the defendant has subsequently obtained against him. And I think it is clear that he has no such right, either legal or equitable. It is true most of the services of the solicitor, for which this decree for costs was afterwards made, were performed before the defendant was discharged under the bankrupt act. And if the decree dismissing the bill with costs had been made before that time, the complainant would have had the technical right to offset his

*Margin note:* Set off. Effect of discharge under bankrupt act.

judgme  against the costs, so as to deprive the solicitor of what wa  equitably due to him for his services.   But as the defendant had no vested right to any part of the costs as against the complainant, prior to the final decree, the solicitor cannot be deprived of the costs which are equitably his.   If the complainant had slandered the defendant, or had assaulted him while the judgment on which the bill in this case was founded, was in full force, and the defendant had recovered damages for that injury subsequent to his discharge under the bankrupt act, no one could for a moment suppose that this judgment, which had been discharged before the recovery of such damages, could be offset against them.   And yet the equitable right to an offset would be as strong in that case as in this, if not stronger.

The decision of the vice chancellor was therefore right; and the order appealed from must be affirmed, with costs.

---

## TO SUBSCRIBERS.

We do not wish to force this publication upon those who do not want it.   The subscribers of last year who wish it continued, will therefore please renew their subscriptions, as no more numbers will be sent to those who do not order it.